**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADETOLA OGUNSEGUN, )
)
Plaintiff, )
)
vs. ) No.
)
MENARD, INC., a domestic corporation, )
)
Defendant. )

**NOTICE OF REMOVAL**

To: The United States District Court for the Northern District of Illinois.

Plaintiff's Counsel: Richard C. Balind
Larry L. Fleischer & Associates, Ltd.
205 W. Randolph St. #2200
Chicago, IL 60606
Lawoffice@Flysure.net

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Menard, Inc., by and through its attorneys, Gary T. Jansen, Nicole D. Milos, and Laura E. Fahey, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, hereby files this *Notice of Removal* of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this *Notice*, Defendant respectfully states as follows:

1. On December 16, 2015, Plaintiff Adetola Ogunsegun filed a *Complaint* with the Circuit Court of Cook County, Law Division, Chicago, Illinois (See Exhibit "A", Plaintiff's *Complaint*).

2. On December 29, 2015, Menard, Inc.'s registered agent was served with Plaintiff's *Complaint* and *Summons* (See Exhibit "B", Notice of Service of Process).

3. Plaintiff's *Complaint* alleges that on September 10, 2014, Adetola Ogunsegun was a customer at the Menard's store located at 6301 Oakton, Morton Grove, Illinois, when she

fell/tripped upon and over a box of store merchandise. (See Exhibit "A".) Upon information and belief, Plaintiff Adetola Ogunsegun is a resident of the State of Illinois.

4. Defendant Menard, Inc. is a corporation duly organized and existing under the laws of Wisconsin, with its principal place of business in the State of Wisconsin, at 5101 Menard Drive, Eau Claire, Wisconsin. As such Defendant Menard, Inc. is a citizen of the State of Wisconsin.

5. Plaintiff's *Complaint* demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00). (See Exhibit "A".) The 222(b) Affidavit attached to Plaintiff's *Complaint* states that the damages sought exceed Fifty Thousand Dollars ($50,000). (See Exhibit "A".)

6. Plaintiff's *Complaint* alleges that Adetola Ogunsegun was caused to incur legal obligations for medical, surgical, and nursing care, and has been caused to suffer pain and disability. (See Exhibit "A".) Further, Plaintiff's *Complaint* alleges that Adetola Ogunsegun has lost and will continue to lose wages, salaries, and income, which she would otherwise have obtained. (See Exhibit "A".)

7. The medical records of Plaintiff Adetola Ogunsegun contain the following diagnosis of Plaintiff's injuries: lumbar disc herniation; left rotator cuff tear; left medial meniscus tear; musculo-ligamentous sprains/strains of the cervical spine, thoracic spine, lumbar spine, left shoulder, left hip, left knee, and left thigh. (See Exhibit "C", Plaintiff's medical records.) Plaintiff's medical bills total $18,471.30. (See Exhibit "C".)

8. Where a plaintiff's complaint alleges permanent injuries and significant medical expenses it is apparent from the face of the complaint that damages exceed the jurisdictional amount. *McCoy v. General Motors Corp*., 226 F. Supp.2d 939, 942 (N.D. Ill. 2002), *see also Gallo v. Homelite Consumer Products*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005).

9. 28 U.S.C. § 1446 imposes a 30 day limitation upon a defendant to timely file a notice of removal. Therefore, the only information a defendant can generally rely upon is the allegations of a plaintiff's complaint.

10. Therefore, it appears to a reasonable probability that Plaintiff Adetola Ogunsegun seeks damages exceeding $75,000, exclusive of interest and costs.

11. The United States District Court for the Northern District of Illinois has original jurisdiction over this matter under 28 U.S.C. §1332 (a)(2)(c)(1), there being diversity between the citizenship of Plaintiff and that of Defendant, and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

12. Therefore, this lawsuit is removable from state court to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1441 (a) and 28 U.S.C. §1332 (a)(2)(c)(1).

13. Menard, Inc.'s *Notice of Removal* is timely because it was filed within thirty days after the receipt by Defendant, through service, of the initial pleading setting forth the removable claims for relief. 28 U.S.C. § 1446(b).

14. Written notice of the filing of the *Notice of Removal* has been served on Plaintiff through her counsel, as required by 28 U.S.C. §1446 (d).

15. A true copy of this *Notice of Removal* has been filed with the Circuit Court of Cook County, Illinois, as provided by 28 U.S.C. §1446 (a).

16. By filing this *Notice of Removal*, Defendant Menard, Inc., does not waive any jurisdictional objections or any other defenses that are available.

WHEREFORE, Defendant, Menard, Inc., respectfully requests that this civil action be removed from the Circuit Court of the Cook County, Illinois, and that this Court accept

jurisdiction over this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully submitted,

s/Gary T. Jansen______________________
One of the Attorneys for Defendant
MENARD, INC.

Gary T. Jansen
Nicole D. Milos
Laura E. Fahey
CREMER SPINA, SHAUGHNESSY JANSEN & SIEGERT LLC
One North Franklin, 10th Floor
Chicago, IL 60606
Ph. (312) 726-3800
Fax (312) 726-3818