D:\PrintImageBundler\Temp\408074\Originals\ADETOLA OGUNSEGUN VS. MENARD, INC..PDF

RCB/ip        Attorney #80287

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ADETOLA OGUNSEGUN, | ) | |
| | ) | |
| Plaintiff, | ) | 2015L012675 |
| | ) | CALENDAR/ROOM F |
| vs. | ) NO: | TIME 00:00 |
| | ) | Premises Liability |
| MENARD, INC., a domestic corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ADETOLA OGUNSEGUN, by and through her attorneys, LARRY L. FLEISCHER & ASSOCIATES, LTD., and complaining of the Defendant, MENARD, INC., a domestic corporation, alleges as follows:

1.      That on September 10, 2014, the Plaintiff, ADETOLA OGUNSEGUN, was a customer at the MENARD store located at 6301 Oakton in City of Morton Grove, County of Cook and State of Illinois.

2.      That at the aforesaid time and place, the Defendant, MENARD, INC., was a domestic corporation, doing business throughout the State of Illinois, including Cook County.

3.      That at all relevant times the Defendant, MENARD, INC., a domestic corporation, had a duty to use reasonable care and caution in the operation, inspection and maintenance of its store in the City of Morton Grove, so that said store and its contents would not pose an unreasonable risk of harm to customers lawfully on the premises, including the Plaintiff.



D:\PrintImageBundler\Temp\408074\Originals\ADETOLA OGUNSEGUN VS. MENARD, INC..PDF

4. That despite the foregoing duty, the Defendant, MENARD, INC., a domestic corporation, was then and there guilty of one or more of the following errors and/or omissions:

a. Allowed boxes containing store merchandise to remain in an aisle where Plaintiff was shopping, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff;

b. Failed to keep said boxes containing store merchandise in a tidy and uncluttered manner near where Plaintiff was shopping, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff;

c. Failed to inspect the area where the boxes of store merchandise were, so as to timely discover their unsafe condition and then repair the same, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff;

d. Failed to properly supervise and train store personnel in the proper method of stocking and or handling boxes of store merchandise, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff;

e. Failed to place any types of warning devises near the boxes of store merchandise, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff;

f. Failed to prevent persons from walking near the boxes of store merchandise, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff; and

g. Failed to provide a safe pedestrian route near to where the Plaintiff was walking within the store, when the Defendant knew or in the exercise of reasonable care and caution would have known that the same constituted an unreasonable risk of injury to customers on the premises, including the Plaintiff.

5. That as a result of one or more of the foregoing acts and/or omissions of the Defendant, MENARD, INC., a domestic corporation, the Plaintiff fell/tripped upon and over a box of store merchandize that had been left in the aisle.

D:\PrintImageBundler\Temp\408074\Originals\ADETOLA OGUNSEGUN VS. MENARD, INC..PDF

6.      That on September 10, 2014, the Plaintiff, ADETOLA OGUNSEGUN, was injured.

7.      That said injuries were proximately caused by the aforesaid errors and/or omissions of the Defendant, MENARD, INC. a domestic corporation.

8.      That as a proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, MENARD, INC., a domestic corporation, the Plaintiff, ADETOLA OGUNSEGUN, then and there was caused to incur legal obligation for medical, surgical and nursing care and has been caused to suffer pain and disability, and has lost and will continue to lose, wages, salaries and income which she would otherwise have obtained.

WHEREFORE, the Plaintiff, ADETOLA OGUNSEGUN, demands judgment against the Defendant, MENARD, INC., a domestic corporation, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus costs.

Respectfully submitted,

LARRY L. FLEISCHER & ASSOCIATES, LTD.

By:_____
        One of the Attorneys for Plaintiff

LARRY L. FLEISCHER & ASSOCIATES, LTD.
205 West Randolph Street - Suite 2200
Chicago, Illinois 60606 - (312)641-7117
Attorney No: 80287

-3-

D:\PrintImageBundler\Temp\408074\Originals\ADETOLA OGUNSEGUN VS. MENARD, INC..PDF

RCB/ip        Attorney #80287        File #14-168

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ADETOLA OGUNSEGUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO: |
| | ) |
| MENARD, INC., a domestic corporation, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT PURSUANT TO
## SUPREME COURT RULE 222(b)

I, RICHARD C. BALIND, an attorney with the law offices of LARRY L. FLEISCHER & ASSOCIATES, LTD., first being duly sworn, state as follows:

1.    That upon review of the above-captioned matter, it has been determined that the total of money damages sought does exceed $50,000.00.

Further, Affiant sayeth naught.

_____
RICHARD C. BALIND, Affiant

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 12TH DAY
OF DECEMBER, 2015.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
IRMA PEREZ
Notary Public, State Of Illinois
My Commission Expires Feb. 15, 2019
Commission No. 480430

LARRY L. FLEISCHER & ASSOCIATES, LTD.
205 W. Randolph Street – Suite 2200
Chicago, IL 60606 – (312) 641-7117
Attorney No. 80287

-4-