IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADETOLA OGUNSEGUN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 16 C 926 |
| MENARD, INC., a domestic corporation, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This personal injury action, sought to be brought to this District Court from its place of origin in the Circuit Court of Cook County by a Notice of Removal ("Notice") authored by counsel for defendant Menard, Inc. ("Menard"), has been assigned at random to this Court's calendar. Because this Court's threshold examination of the Notice and of the Circuit Court Complaint brought by plaintiff Adetola Ogunsegun ("Ogunsegun") has revealed a subject matter jurisdictional flaw in the Notice, this memorandum order is issued sua sponte to address that problem.

Notice ¶ 4 has properly identified the dual corporate citizenship of Menard in accordance with the provisions of 28 U.S.C. § 1332(c)(1)[1]: Both its state of incorporation and its principal place of business are Wisconsin-based, so that it is a citizen of that state and no other. But as to plaintiff Ogunsegun Notice ¶ 3 says only this:

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

> Upon information and belief, Plaintiff Adetola Ogunsegun is a resident of the State of Illinois.

That assertion in a case in which federal subject matter jurisdiction is sought to be premised on diversity of citizenship is quite astonishing. For years our Court of Appeals has taught, as it said succinctly (for example) in <u>Simon v. Allstate Employee Group Med. Plan</u>, 263 F.3d 656, 658 (7th Cir. 2001):

> An allegation of residency, however, is insufficient to establish diversity jurisdiction.

And in that regard our Court of Appeals has repeatedly announced, in terms that this Court has regularly referred to as Draconian, the message stated with equal succinctness in <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004):

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

Here Menard's counsel has stated on information and belief that Ogunsegun is an Illinois resident, but the reason that a person's state of citizenship -- that is, his or her domicile -- and not residence must be identified for diversity purposes is that those two concepts do not always (or necessarily) coincide. Under the circumstances, then, this Court is duty-bound to comply with the mandate of <u>Adams v. Catrambone</u> and other cases so holding, so that this action must be remanded to its place of origin in the Circuit Court because of Menard's failure to identify Ogunsegun's state of citizenship.

All is not necessarily lost, however, for the "information and belief" statement by Menard's counsel in Notice ¶ 3 even as to Ogunsegun's residence may fairly be read as a confirmation that "the case stated by the initial pleading is not removable" (Section 1446(b)(3)), so that a new 30-day clock for potential removability would begin to tick on Menard's receipt of

some "paper from which it may first be ascertained that the case is one which is or has become removable" (id.). But that possibility remains for the future -- for now "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)), so that this action must be and is remanded to the Circuit Court of Cook County. To that end the Clerk of this District Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court forthwith.

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: January 26, 2016